# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-662V
Filed: July 24, 2019
UNPUBLISHED

| | |
|---|---|
| BRENT PYLES,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | Special Processing Unit (SPU); Fact Ruling; Onset; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*John Robert Howie*, Howie Law, PC, Dallas, TX, for petitioner.
*Colleen Clemons Hartley*, U.S. Department of Justice, Washington, DC, for respondent.

## **FACT RULING**[1]

**Dorsey**, Chief Special Master:

  On May 10, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he received a Tetanus-Diphtheria-acellular Pertussis ("Tdap") vaccination on May 18, 2017, and subsequently suffered right shoulder injuries related to vaccine administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

For the reasons discussed below, the undersigned finds the onset of petitioner's shoulder injury related to vaccine administration ("SIRVA") occurred within 48 hours of vaccination. Specifically, petitioner suffered pain within 48 hours of vaccination.

### I.     Relevant Procedural History

In support of his claim, petitioner filed medical records (Exs. 2-6) and his own affidavits (Exs. 1, 7). Deadlines for respondent to report his position in the case were set following the August 8, 2018 initial status conference. Order, ECF No. 10; *see also* Docket Entries dated Oct. 11, 2018, Dec. 12, 2018, and Feb. 8, 2019.

On March 31, 2019, respondent reported that he intended to defend the case and requested a deadline be set for his Rule 4(c) report. ECF No. 17. Respondent filed his Rule 4(c) report on June 3, 2019. Resp. Rep., ECF No. 18. In this report, respondent argues that petitioner has not met his burden of establishing that the onset of his shoulder injury occurred within 48 hours of his May 18, 2017 Tdap vaccination. *Id.* at 6.

Thereafter, the undersigned reviewed the evidence and determined that fact hearing or briefing would not be necessary. Order, ECF No. 19. A deadline was set for closing the record on the matter of onset. *Id.* In response, petitioner filed an affidavit from his mother, Judith Pyles. Ex. 8, ECF No. 21. No additional filings were made. The matter is now ripe.

### II.    Issue

At issue is whether petitioner's first symptom or manifestation of onset after vaccine administration was within 48 hours as set forth in the Vaccine Injury Table. 42 C.F.R. § 100.3(a) I.C & II.C. (2017) (Tdap vaccination). Additionally, the Qualifications and aids to interpretation ("QAI") for a Table SIRVA requires that a petitioner's pain occur within this same time frame, 48 hours. 42 C.F.R. § 100.3(c)(10).

### III.   Authority

Pursuant to Vaccine Act § 13(a)(1)(A), a petitioner must prove, by a preponderance of the evidence, the matters required in the petition by Vaccine Act § 11(c)(1). A special master may find that the first symptom or manifestation of onset of an injury occurred "within the time period described in the Vaccine Injury Table even though the occurrence of such symptom or manifestation was not recorded or was incorrectly recorded as having occurred outside such period." Vaccine Act § 13(b)(2). "Such a finding may be made only upon demonstration by a preponderance of the

evidence that the onset [of the injury] . . . did in fact occur within the time period described in the Vaccine Injury Table." *Id.*

A special master must consider, but is not bound by, any diagnosis, conclusion, judgment, test result, report, or summary concerning the nature, causation, and aggravation of petitioner's injury or illness that is contained in a medical record. Vaccine Act § 13(b)(1). "Medical records, in general, warrant consideration as trustworthy evidence. The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions. With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events." *Curcuras v. Sec'y of Health & Human Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993).

### IV.   Finding of Fact

The undersigned makes the finding after a complete review of the record to include all medical records, affidavits, and respondent's Rule 4(c) report. Specifically, the undersigned bases the finding on the following evidence:

- Petitioner received a Tdap vaccination in his right deltoid on May 18, 2017. Ex. 3 at 56.
- On June 3, 2017, petitioner returned to Georgetown Community Hospital with complaints of "pain in right shoulder-with recent tetanus immunization." Ex. 2 at 71. The record further notes that petitioner reported that "he had a tetanus shot in his right arm 2.5 weeks ago, now with continues pain to arm." *Id.*
- On July 6, 2017, petitioner was seen at Baptist Health for right shoulder pain. Ex. 3 at 1-4. Petitioner reported that he was involved in an altercation two days before and has experienced problems with his right shoulder since receiving a tetanus shot. *Id.* An x-ray was ordered and assessed as normal. *Id.* Petitioner was referred to an orthopedist and physical therapy. *Id.*
- On July 31, 2017, petitioner sought an orthopedic evaluation with Dr. Samuel Coy at Kentucky Bone and Joint Surgeons. Ex. 4 at 3. Petitioner reported that he has constant sharp right shoulder pain since receiving a tetanus shot on May 18, 2017. *Id.*
- On August 16, 2017, petitioner attended his first physical therapy session at Orthopedic and Sports Physical Therapy. Ex. 5 at 2. On the intake form from this therapy session, petitioner noted that he was injured on May 18, 2017 by a tetanus shot. *Id.* at 3.
- On September 11, 2017, petitioner returned to Dr. Coy for a follow up appointment. Ex. 4 at 6. The history taken during that appointment describes "shoulder problem has been occurring for 4 months (5/18/17)." *Id.*
- On November 6, 2017, petitioner had another follow-up with Dr. Coy. Ex. 4 at 10. The record from this encounter notes "shoulder problem has been occurring for 6 months (5/18/17)." *Id.*
- On January 10, 2018, petitioner returned to Kentucky Bone and Joint Surgeons and was evaluated by Dr. Daniel J. Hackett, Jr. Ex. 4 at 14. The

3

    record from this encounter notes "shoulder problem has been occurring for 8 months (5/18/2017)." *Id.*
- On January 15, 2018, petitioner returned for another round of physical therapy at Orthopedic and Sports Physical Therapy. Ex. 5 at 22. On the intake form from this therapy session, petitioner noted that he was injured on May 18, 2017 by a tetanus shot. *Id.*

Petitioner provided the following affidavit testimony as to the onset of his right shoulder pain: "At the time the vaccination was administered, I felt some soreness in the area of my arm where my vaccination had been administered. The following day, my right shoulder pain worsened, and within forty-eight hours of my vaccination, I was experiencing a sharp pain in my right shoulder." Ex. 1 at 1. Petitioner's mother, Judith Pyles, attests to recalling her son mentioning that his right shoulder "hurt pretty bad" on the day he received the tetanus vaccination. Ex. 8 at 1.

The above medical entries are consistent with petitioner's affidavit testimony that his right shoulder pain began at the time he received the Tdap vaccine on May 18, 2017. The undersigned finds the sworn testimony of petitioner and his mother to be credible and in agreement with the contemporaneously created treatment records. As such, the undersigned finds preponderant evidence that the onset of petitioner's right shoulder injury occurred within 48 hours of his May 18, 2017 Tdap vaccination.

## V.  Scheduling Order

Respondent shall file a status report by **Thursday, September 5, 2019**, indicating whether he is interested in exploring an informal resolution of petitioner's claim.

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master
